IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

QUADIRI AYODELE,

       Plaintiff,

v.                                           Civ. Action No. 1:19-CV-183
                                                       (Kleeh)

WARDEN HUDGINS; AUSA FLOWERS;
A.W. MESSER; SIS VANDEVENDER; and
SIS ALDRIDGE,

       Defendants.

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 41], AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [DKT. NO. 24]**

## I. Introduction

Pending before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Dkt. No. 24]. Plaintiff filed objections to the R&R on March 26, 2020 [Dkt. No. 41]. For the reasons discussed herein, the Court adopts the R&R.

Pro se Plaintiff Quadiri Ayodele ("Plaintiff") is a federal inmate and initiated this Bivens civil rights action on September 18, 2019, challenging the Bureau of Prison's ("BOP") decision to remove him from general population at FCI Gilmer and house him in the Special Housing Unit ("SHU") pending a criminal investigation

to determine if he was involved in a drug smuggling scheme within the prison.

## II. Legal Standard

### A. Preliminary Injunction

As noted by the Magistrate Judge, a "preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (internal quotation marks and citations omitted). In order to be awarded a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).

The demanding standard for the issuance of a preliminary injunction becomes even more exacting when a plaintiff requests an injunction that mandates action, as opposed to one that preserves the status quo pending trial. See East Tennessee National Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally

should be granted only in those circumstances when the exigencies of the situation demand such relief').

### B. Report and Recommendation Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions

of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

### III. Discussion

In this case, Plaintiff requests a preliminary injunction and temporary restraining order directing the Defendants to "release[e] Plaintiff . . . back to general population, and out of the Special Housing Unit" [Dkt. No. 24 at 1]. Without this relief, Plaintiff maintains that he will suffer irreparable harm, given that his "mental and physical health will continue to deteriorate at a rapid pace, especially his eyesight[,] which has slowly been degenerating due to lack of long distance use" [Dkt. No. 24-1 at 1].

The Magistrate Judge's R&R sets forth the relevant statutes that govern Plaintiff's request for an order regarding his removal from the SHU and placement back into the general population, which are 18 U.S.C. §§ 3621(b) and 4081 [Dkt. No. 33 at 3]. As explained, the BOP has wide discretion where to house a prisoner, and also to

prevent prisoners from challenging their geographic designation within the BOP system. Moody v. Daggert, 429 U.S. 78, 87 n.9 (1976) (stating that § 4081 provides the BOP with wide discretion and provides "no legitimate statutory or constitutional entitlement sufficient to invoke due process."). Indeed, it is well settled that the decision where to house inmates is at the core of prison administrators' expertise. McKune v. Lile, 536 U.S. 24, 40 (2002) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Moreover, the Code of Federal Regulations identifies instances when a prisoner may be placed in administrative detention status within an institution, which include when a prisoner is under investigation for possibly violating a BOP regulation or criminal law. 28 C.F.R. § 541.23. The reason for such discretion is to provide for "the security and orderly running of the institution." Id.

The allegations of Plaintiff's complaint are chronicled by the Magistrate Judge and arise from Plaintiff's belief that he has been allowed to languish in the SHU since April 6, 2019, after being informed that he was awaiting prosecution from the Assistant United States Attorney ("AUSA") [Dkt. No. 25 at 7-8]. Plaintiff contends that he is the victim of a "vindictive investigation" to make Defendants appear "tough on drugs," while Defendants overlook their responsibility to seek the truth, do their due diligence,

and respect Plaintiff's constitutional right to be free of cruel and unusual punishment [Id.].

Plaintiff describes the incident report from SIS Agents Aldridge and Van Devender, relevant to the BOP investigation, as being reckless, unsubstantiated, and full of lies and inconsistencies [Dkt. Nos. 25, 25-1]. Plaintiff also asserts that investigators incorrectly interpreted the Swahili language which Plaintiff claims to have been speaking during a phone call at issue in the investigation [Id.]. Plaintiff contends that he was not involved in the incident that triggered the investigation, an April 6, 2019, visit to the facility by a woman who brought drugs into the prison [Id.]. Plaintiff claims that he is innocent, SIS Agents fabricated paperwork against him, no federal charges have been brought, and he is entitled to be released back to the general population [Id.].

The Magistrate Judge properly analyzed the Winter factors, which must be satisfied for the issuance of a preliminary injunction, and determined that Plaintiff did not make a clear showing that he is likely to succeed on the merits of his complaint [Dkt. No. 33 at 5-6]. Plaintiff, an inmate, has no constitutional or inherent right to challenge where he is placed within the BOP. Moody v. Daggert, 429 U.S. 78, 87 n.9 (1976). Moreover, at the time of Plaintiff's motion, Defendants had not yet responded to the complaint allegations. The record before the Magistrate Judge

was insufficient to demonstrate whether Plaintiff was justifiably suspected of involvement in the alleged drug smuggling scheme such that an investigation was warranted. Because Plaintiff cannot clearly show that he is likely to succeed on the merits of his claims, Plaintiff cannot establish the necessary first factor for a preliminary injunction [Dkt. No. 33 at 6].

The Magistrate Judge recommended that Plaintiff's motion [Dkt. No. 24] be denied. The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the Plaintiff accepted service of the R&R on March 12, 2020 [Dkt. No. 38]. He filed objections on March 26, 2020 [Dkt. No. 41].

Plaintiff's objections merely repeat and clarify the allegations of his complaint [Dkt. No. 25] as well as the arguments in his motion for preliminary injunction and supporting declaration [Dkt. Nos. 24, 24-1]. He alleges that his placement in the SHU presents an "unconstitutional predicament," and that the amount of time he has spent separated from the general population is unreasonable [Dkt. No. 41 at 1-7]. Plaintiff

continues to argue that he is innocent and that the BOP's investigation into an alleged drug smuggling scheme within the prison is improper [Id. at 10-13]. He further contends that his unreasonable placement in the SHU has created "collateral consequences" for the length of his sentence, and has prevented him from participating in classes and courses that would help him prepare for release [Id.]. Notably, Defendants have now filed a motion to dismiss or motion for summary judgment with supporting memorandum [Dkt. Nos. 54, 55] that challenges the validity of Plaintiff's complaint and whether it can survive summary dismissal. That motion is pending, has not yet been responded to by Plaintiff, and has not been reviewed by the Magistrate Judge. The Court agrees with the Magistrate Judge that Plaintiff has failed to make the requisite showing for a preliminary injunction [Dkt. No. 33]. Additionally, the Court finds that Plaintiff's objections [Dkt. No. 41] are conclusory, restate and clarify the allegations of his complaint, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the issuance of a preliminary injunction.

### IV.   Conclusion

For the reasons discussed herein, the Report and Recommendation [Dkt. No. 33] is **ADOPTED** in its entirety. Plaintiff's objections [Dkt. No. 41] are **OVERRULED,** and Plaintiff's Motion for Preliminary Injunction and Temporary

Restraining Order [Dkt. No. 24] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se Plaintiff via certified mail, return receipt requested, and to counsel of record via email.

**DATED:** October 1, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE